```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
EMMANUEL UGWU,                                             :
                                                           :
                              Plaintiff,                   :
                                                           :         19-CV-9239 (VSB)
               -against-                                   :
                                                           :              ORDER
UNITED STATES OF AMERICA,                                  :
                                                           :
                              Defendant.                   :
                                                           :
-----------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/15/2020

VERNON S. BRODERICK, United States District Judge:

      On September 27, 2019, Plaintiff filed a motion for return of seized property pursuant to Fed. R. Crim. P. 51(g) under the docket for his closed criminal case, *United States v. Ugwu*, 15-cr-417 (VSB).  On October 4, 2019, I issued an order directing the Clerk of Court to construe Plaintiff's motion as a new civil action, (*see* Doc. 1), and the Clerk initiated the instant action. By Order dated October 9, 2019, I directed Plaintiff, within thirty days, to submit a completed prisoner authorization or pay the $400.00 in fees required to file a civil action in this Court. (Doc. 4.)  That order specified that failure to comply would result in dismissal of the complaint. (*See id.*)  To date, Plaintiff has not filed a prisoner authorization or paid the relevant fees. Accordingly, it is hereby:

      ORDERED that this action is DISMISSED without prejudice.  *See* 28 U.S.C. §§ 1914, 1915. The Clerk of Court is directed to terminate the motion at Document 2, to close this case, and to mail a copy of this Order to the pro se Plaintiff.

      The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 15, 2020
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge